## HALLUM *v.* DICKINSON.

Decided March 14, 1891.

*Judgment of another State—Presumption as to jurisdiction.*

In an action upon a duly authenticated judgment of the Supreme Court of another State, where jurisdiction of the person appears, it is presumed, in the absence of evidence to the contrary, that such court had jurisdiction over the subject matter, that its proceedings were regular, and that the appeal was heard at the proper place.

APPEAL from *Lonoke* Circuit Court.

JOSEPH W. MARTIN, Judge.

*John Hallum* pro se.

1. The record must affirmatively show how the court acquired jurisdiction. 20 Ark., 12; 47 Ark., 120.

A judgment is not evidence of anything to be inferred by argument from it. Presumption and argument cannot be resorted to; the record must speak of itself; nothing extraneous can be introduced to prove a record. 19 Ala., 430; 17 Pa. St., 412; 2 Iredell, 290; Duchess of Kingston's Case, Smith's Leading Cases; 93 U. S., 272.

2. All defenses which are admissible against a judgment where it was pronounced are equally admissible in actions upon it in another State. Freeman on Judg., secs. 76, 575. Congress so provides. *Ib.*, sec. 559, note 1. Parts of a

record, especially *fragments*, as in this case, cannot be read, to prove anything. 2 Cold. (Tenn.), 265 ; 38 Ark., 181 ; 47 *id.*, 120.

3. This was a summary judgment against a party without notice or day in court and without hearing. This is apparent from the record. 14 Ark., 27 ; 8 *id.*, 318 ; 9 *id.*, 336 ; 5 *id.*, 410 ; 4 Hill (N. Y.), 522 ; 24 Wend., 35.

4. The statute commenced to run from the rendition of the judgment. The pendency of an appeal does not suspend plaintiff's right of action, unless superseded. Freeman on Judg., sec. 433 ; *ib.*, secs. 432, 328 ; 28 Conn., 433 ; 29 Vt., 339 ; 10 Ire. Law, 274 ; 4 Leigh (Va.), 57.

5. If fraud could be set up in Tennessee, it can be set up here. Freeman on Judg., sec. 576. Fegan was Dickinson's agent (29 Ark., 99), and his fraud was that of his principal. 42 Ark., 97 ; 25 *id.*, 219. Declarations of an agent in the course of his agency are admissible against the principal. 37 Ark., 47.

*T. C. Trimble,* for appellee.

The objections pointed out in 47 Ark., 120, have all been removed. To make a record of a State judgment valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject matter of the action and parties, and that a judgment had in fact been rendered. 88 U. S., 71 ; 89 U. S., 77 ; 21 Wall., 71 ; 22 *id.*, 77. In an action on foreign judgment, where it appears that the court was a court of record having a judge, clerk and seal, the presumption is in favor of its jurisdiction and the regularity of its proceedings. 119 Ind., 103.

2. The statute began to run from the date of the judgment in the Supreme Court.

3. The third plea was disposed of in 47 Ark., 125, as an immaterial issue.

4. The testimony as to fraud was irrelevant and heresay.

5. The judgment is conclusive. 59 N. Y., 423. It cannot be questioned except for fraud or want of jurisdiction.

82 Ky., 451 ; 2 West. Rep., 785 ; 16 Lea (Tenn.) 82 ; 2 Dall., 231 ; 4 Cr., 434. If conclusive in the State where rendered, it is equally so everywhere.   5 Wall., 290; 97 U. S., 331. When a party appeals, he thereby enters his appearance, and the court acquires jurisdiction of his person.  31 Ark., 58.

BATTLE J.   John A. Only, trustee, etc., instituted an action of replevin against Edward Fegan, trustee, etc., and John A. Dickinson, in the circuit court of Shelby county, in the State of Tennessee, to recover possession of certain household furniture and other property.   In order to commence the suit he and John Hallum executed a bond in the sum of $5200, payable to Dickinson and Fegan, and conditioned to be void if Only abided by and performed the judgment of the court in the action.   The property sued for was delivered to Only.   On the trial Dickinson recovered a judgment against Only, and, Only waiving the right to return the property, judgment was rendered against him and Hallum on their bond for the value of it.   Only then moved for a new trial, which was denied, and he and Hallum appealed to the Supreme Court of Tennessee.   They then filed in the Supreme Court a transcript of the pleadings, proceedings and judgment in the action.   On the 6th of April, 1872, the cause having been heard on the transcript, the Supreme Court of Tennessee rendered a judgment in favor of Dickinson against Only and Hallum.   On this judgment this action was brought by Dickinson against Hallum.   Hallum's defenses to the last mentioned action were :   (1). *Nul tiel record* (2.), the statute of limitation of ten years, and (3), fraud in the procurement of the judgment sued on.

I.   A copy of the transcript filed in the Supreme Court of Tennessee, except the evidence set out therein, and of the judgment sued on, authenticated by the certificates of the clerk and Chief Justice of the Supreme Court in due form, was produced and read as evidence in the trial of this action. There being no evidence to the contrary, it showed that the Supreme Court had jurisdiction of the subject matter of the

*Judgment of another State— Presumption as to jurisdiction.*

action of replevin. *Nunn* v. *Sturges*, 22 Ark., 389; *Lockhart* v. *Locke*, 42 Ark., 17; *Pringle* v. *Woolworth*, 90 N. Y., 502; *Bissell* v. *Wheelock*, 11 Cush., 277; *Buffum* v. *Stimpson*, 5 Allen, 591, S. C., 81 Am. Dec., 767: *Stewart* v. *Stewart*, 27 W. Va., 167. The taking of the appeal and the filing of the transcript gave it jurisdiction of the persons of Only and Hallum. The omission to copy the evidence contained in the transcript filed in the Supreme Court was immaterial, and did not prejudice Hallum, as its only object or effect was to enable the Supreme Court to ascertain whether there was evidence to sustain the judgment of the Shelby circuit court, or reversible error in the admission or rejection of evidence by that court.

But it is said that the transcript read as evidence in the trial of this action shows that two actions were brought by Only against Dickinson and Fegan, and fails to show any pleadings or process in the action in which the judgment sued on was recovered. The ground for this contention is that the transcript shows the rendition of a judgment by default for property in favor of Only against Dickinson and Fegan, and fails to show that it was ever set aside. Hallum insists that the presumption is that the judgment by default was the termination of the suit in which it was rendered, and that all that follows in the transcript was a copy of the proceedings in another action. But this is not true. The certificate of the clerk to the transcript shows that there was only one suit, and the transcript in other ways bears evidence of the same fact.

The judgment by default was rendered against Dickinson before he was served with process or appeared in the action. He was the real party in interest, and the judgment against him was a nullity. No advantage was taken of it by any one, and it was treated by all the parties as of no effect, and all advantage gained by it was. lost in the subsequent proceedings.

There is an inconsistency in the transcript. The record of the Shelby circuit court shows that Only and Hallum ap-

pealed to the Supreme Court when held for the western division of Tennessee at Brownsville, and their appeal bond. shows that it was taken to the court when held at Jackson. The transcript shows that the judgment in question was rendered by the court when sitting at Jackson. Hallum insists that this is sufficient to defeat this action. But there is. no evidence that the Supreme Court when sitting at Jackson did not have jurisdiction. The appeal was taken by Only and Hallum, and, it appears, was prosecuted by them in the court sitting at Jackson. It was taken to the Supreme Court. There is no question about that. It being a superior court. of record, the jurisdiction appearing, the presumption is in favor of the regularity of its proceedings, and that the appeal was heard at the proper place. *Nunn* v. *Sturges, 22:* Ark., *supra ; Lockhart* v. *Locke,* 42 Ark., *supra.*

II. This action is not barred by the ten years' statute of limitation. The judgment sued on was rendered on the 6th of April, 1872, and this action was commenced on the 31st of March, 1882.

III. There was no evidence adduced on the trial to show fraud in the recovery of the judgment in question. To show fraud appellant on the trial of this action offered, and the court refused to permit him, to prove that one Flora Burdick, " conscience stricken," on bended knees made confession to him, and asked his pardon for wrongs committed ;. and that Fegan, while acting as the agent of Dickinson, admitted to him that Flora Burdick secretly stored a part of the property, which was in controversy in the action of replevin which was instituted in the Shelby circuit court, in his store in Memphis, Tenn., during the pendency of that. action; and that Fegan had promised to satisfy the judgment sued on in this action. But the evidence was not competent. The confessions of Flora Burdick were hearsay evidence. The admission of Fegan did not tend to show that he or Dickinson had committed any fraud in the procurement of the judgment in question. The property in controversy in the action of replevin was delivered to·

Only. There was no evidence that either Fegan or Dickinson after that had any control over it or had deprived Only of the possession thereof. Only had taken it out of their possession by writ of replevin; they were not responsible for it, or under any obligations to look after it or keep Only informed of its locality. The mere fact that Flora Burdick stored a part of it in the store-house of Fegan does not tend to prove that Fegan or Dickinson committed a fraud upon Only. There was no evidence adduced or offered that, in so doing, she acted without the authority of Only. There was no evidence that the promise of Fegan to satisfy the judgment was based on a consideration, or that he had authority to satisfy it. The evidence offered was therefore properly excluded.

The judgment of the court below is affirmed.