MARGHERITE J. SULLIVAN, APPELLANT, V. RALPH W. SULLIVAN, APPELLEE.

97 N. W. 2d 348

Filed July 3, 1959.   No. 34585.

*McGowan & Troia,* for appellant.

*Richling & Shrout,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

Margherite J. Sullivan, plaintiff and appellant here, in the circuit court of Multnomah County, Oregon, on November 4, 1953, secured a decree of separation from bed and board from her husband, the defendant and appellee herein.   By decree she was awarded $80 a month for support and maintenance for herself and a like amount for the support and maintenance of each of the two minor children, the custody of whom had been committed to her.

The plaintiff, claiming that the defendant was in arrears of payments under the decree, on December 30, 1958, filed, pursuant to sections 25-1587 to 25-15,104, R. R. S. 1943, commonly known as the Uniform Enforcement of Foreign Judgments Act, a petition for the registration of her judgment in the district court for Douglas County, Nebraska. In the petition it was alleged that the defendant was in arrears of payments in the amount of $5,745 and of costs in the amount of $31.75.

On December 30, 1958, a summons was duly issued which by its terms required the defendant to answer on or before February 2, 1959. It was served on January 2, 1959. On December 30, 1958, an affidavit for garnishment was filed and garnishment summons was issued. The named garnishee was the United States National Bank. It was served on the garnishee on December 31, 1958. On January 8, 1959, the garnishee made a return in which it reported that it had $183.95 in a checking account in the name of the defendant and $5,149.67 in a checking account in the name of Sullivan Improvements. On December 30, 1958, an execution was issued commanding a levy on property of the defendant. No information as to the execution beyond its issuance is disclosed by the transcript.

On January 2, 1959, the defendant filed a motion as follows: "Comes now the defendant and moves the Court for an order to dissolve and quash a garnishment, attachment and execution in the above entitled cause for the reason that plaintiff is not entitled to the same under the laws of the State of Nebraska."

On January 5, 1959, the plaintiff filed a motion as follows: "Comes now the plaintiff and moves the Court for an order requiring the defendant to make the 'Motion to Quash and Dissolve Garnishment, Attachment and Execution' more definite and certain by stating the precise nature of the defense which is not apparent to the plaintiff, or in the alternative, by stating wherein

the proceedings are contrary to the laws of Nebraska."

In this state of the record, without any disposition of either of the motions, the case came on for hearing to the court on January 8, 1959. A record of that hearing has come to this court in a bill of exceptions. The bill contains no record of evidence taken. For the most part it is made up of an interchange of comments of the trial judge and the attorneys representing the respective parties. The matter which was before the court for consideration was defined and declared in this interchange by stipulation and agreement of the attorneys.

It was stipulated that the defendant's motion to quash and dissolve was based solely upon a contention that the Uniform Enforcement of Foreign Judgments Act is unconstitutional. Following this stipulation the plaintiff withdrew her motion to require the defendant to make his motion to quash more definite and certain. This left for consideration only the question of constitutionality.

At the conclusion of the hearing on January 8, 1959, the motion to quash was sustained. On the same day a motion to vacate and set aside the order and to grant a new trial was overruled. From the adjudication made the plaintiff has appealed. There is some question raised relative to the validity of the motion for new trial on account of time of filing, more particularly on the ground that it was filed before the court rendered its order, and therefore may not be considered. The contention is without merit. The bill of exceptions discloses that in open court the court rendered and announced the order. The transcript discloses that thereupon on the same day a motion for new trial was filed. The transcript shows further by recital of proceedings that on the same day after the order was rendered the court overruled the motion for new trial. The appeal was then perfected in accordance with and in the time provided by statute. See, § 25-1912, R. R. S. 1943; Brasier v. Cribbett, 166 Neb. 145, 88 N. W. 2d 235.

There is but one substantial assignment of error. It is as follows: "The court erred in holding the Uniform Enforcement of Foreign Judgments Act unconstitutional."

It appears from the face of the assignment that the matter involved is constitutionality generally of the entire act. In the light of the presentations made by the parties, and particularly by the defendant, this is not exactly true. The attack is not based actually on the contents of the act but rather on what it fails to contain.

The theory of the defendant appears to be that the act permits garnishment before judgment on affidavit alone, as he contends was done in this case, whereas in an original action instituted in this state garnishment before judgment is not permissible, except by compliance with sections 25-1001, 25-1002, 25-1003, and 25-1010, R. R. S. 1943, the effect of which is to unlawfully and unconstitutionally discriminate in favor of the holder of a foreign judgment and against the plaintiff in an original action.

This contention is substantially groundless. The statutory provisions relating to garnishment before judgment have no application.

Pertinent provisions of the act are sections 25-1588, 25-1590, 25-1591, 25-1592, and 25-1593, R. R. S. 1943 as follows:

"On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action." § 25-1588, R. R. S. 1943.

"At any time after registration the plaintiff shall be entitled to have summons issued and served upon the judgment debtor as in an action brought upon the foreign judgment, in any manner authorized by the law of this state for obtaining jurisdiction of the person." § 25-1590, R. R. S. 1943.

"If jurisdiction of the person of the judgment debtor cannot be obtained, a notice clearly designating the foreign judgment and reciting the fact of registration, the court in which it is registered, and the time allowed for pleading, shall be sent by the clerk of the registering court by registered mail to the last known address of the judgment debtor. Proof of such mailing shall be made by certificate of the clerk." § 25-1591, R. R. S. 1943.

"At any time after registration and regardless of whether jurisdiction of the person of the judgment debtor has been secured or final judgment has been obtained, a levy may be made under the registered judgment upon any property of the judgment debtor which is subject to execution or other judicial process for satisfaction of judgments." § 25-1592, R. R. S. 1943.

"If the judgment debtor fails to plead within thirty days after jurisdiction over his person has been obtained, or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it it is registered." § 25-1593, R. R. S. 1943.

Section 25-1587, R. R. S. 1943, contains the following: " 'Foreign judgment' means any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state."

In the present proceeding before the court there is no contention that the registered judgment does not fall within the purview of this description. It was therefore a judgment and required to be so regarded and recognized on and after registration. There is nothing in the act to indicate an intention that it should be considered otherwise.

It is true that it lacked finality for the purpose of full enforcement on registration but the statute recognizes it as a judgment and grants to the judgment creditor the right of levy and the establishment of a lien

upon the property and rights of the "judgment debtor."

It appears from this that the legislative intent was to grant to the judgment creditor by the right of levy the same right which the holder of a domestic judgment has with reference to the property and rights of a judgment debtor. This right would flow from the procedure, in a situation such as this, appropriate to garnishment after and not before judgment. This procedure is contained in section 25-1056, R. R. S. 1943. The section provides that after a judgment has been entered an affidavit may be filed by the judgment creditor, his agent or attorney, that he has good reason to and does believe that some person, partnership, or corporation has property of or is indebted to the judgment debtor, whereupon garnishment may issue. This was the procedure followed by the plaintiff in this case. The act is therefore not subject to the attack made upon it.

In the view thus taken the conclusion reached is that the district court erred in quashing the garnishment. Accordingly the order quashing the garnishment is reversed and the cause remanded with directions to vacate the order and cause the garnishment to be restored to full force and effect.

REVERSED AND REMANDED WITH DIRECTIONS.