NICHOLAS v. NICHOLAS.

5-2509                                    351 S. W. 2d 445

Opinion delivered December 4, 1961.

*Robert E. Irwin* and *Jeff Duty,* for appellant.

*Edward H. Patterson* and *Robert J. White,* for appellee.

ED. F. McFADDIN, Associate Justice. The Chancery Court reduced the amounts previously fixed for alimony and child support; and Mrs. Nicholas has appealed.

In April, 1959, the Johnson Chancery Court awarded Mrs. Nicholas a divorce and also the care and custody of Dennis Nicholas, the 12-year-old son of the parties. Mr. Nicholas was ordered to pay $50.00 per month alimony and $65.00 per month for child support. As to Mr. Nicholas' right for visitation, the decree stated: "The Plaintiff (Mrs. Nicholas) is granted custody of the minor child of the parties subject to reasonable visitation with said minor child by the Defendant" (Mr. Nicholas). No objection was voiced by Mr. Nicholas when Mrs. Nicholas and the boy moved from Clarksville to Rogers, where she would be near her parents and have employment in a bank. The distance from Clarksville to Rogers is approximately 115 miles.

Because of his arrearage in monthly payments, a citation was issued against Mr. Nicholas; and he countered with a petition to reduce the amount of the payments.

There was a hearing; and the Court, after giving Mr. Nicholas sixty days to make current all past due items, reduced the future payments that Mr. Nicholas should make to $45.00 per month for alimony and $45.00 per. month for child support. It is from this order of reduction (from the original sum of $50.00 per month alimony and $65.00 per month child support) that Mrs. Nicholas prosecutes this appeal.

Mr. Nicholas did not claim any financial inability to make the monthly payments. Rather, he claims that the payments should be reduced because his son had not visited him in Clarksville as regularly as Mr. Nicholas thought proper.

We have held that where one parent takes a child outside of the jurisdiction of the court and secretes the child and keeps the other parent from having any right of visitation, then support payments may be suspended during such period. *Pence* v. *Pence,* 223 Ark. 782, 268 S. W. 2d 609. But the facts in the case at bar are far different from the facts in the cited case. Mr. Nicholas raised no objection to Mrs. Nicholas taking the child to Rogers where she could gain employment. That was in the spring of 1959. In the summer of 1959, the boy visited Mr. Nicholas for some time. There is no showing that Mrs. Nicholas, or anyone else, secreted the boy or tried to keep Mr. Nicholas from seeing him. Rather, the evidence is to the contrary. When Dennis was playing on the football team for Rogers, Mrs. Nicholas' father telephoned Mr. Nicholas and urged him to come to Rogers to see the boy play. Mr. Nicholas was too busy to go. The boy wrote his father three letters in the winter of 1959-60, and received no reply. The boy admitted he did not visit his father in the summer of 1960; the father had fixed no definite time for the visit; the boy had written three letters and received no answer; and Mr. Nicholas had remarried and there is nothing to show that the present wife wanted the boy to visit in the home. There is absolutely no evidence of spite on the part of Mrs. Nicholas, or stubbornness on the part of the boy; and there has been no effort to turn the boy against his

father. In *Carnahan* v. *Carnahan,* 232 Ark. 201, 335 S. W. 2d 295, the father was not relieved of making support payments when the child was moved with the father's knowledge. See also *Sindle* v. *Sindle,* 229 Ark. 209, 315 S. W. 2d 893.

That the father wanted his son to visit him is admitted; but the father failed to put his heart's desire into action even to the extent of writing or phoning his son and setting a definite date for the desired visit. A boy cannot be a pal with his father until the father shows the boy that he wants him for a pal. If Mr. Nicholas wants a definite time of visitation fixed, he can either arrange it with the boy or Mrs. Nicholas by mutual consent, or he can ask the Court to fix a definite time for visitation. Reducing the monthly support for the boy will not cause the situation to improve. There is no claim that $65.00 per month is too much. The only reason advanced for reduction is the failure of the boy to go—on his own initiative—to visit his father. We see no change in conditions that would support the reduction order made by the Chancery Court, either as to alimony or child support.

The decree of the Chancery Court is reversed and the cause remanded with directions to set aside the reduction order and reinstate the original payment schedule the same as if it had never been reduced, and to award appellant an attorney's fee of $100.00 in addition to the amount already awarded.