NICHOLAS *v.* NICHOLAS

5-3327                                        382 S. W. 2d 887

Opinion Delivered October 19, 1964.

*Sexton, Morgan & Robinson,* for appellant.

*Jeff Duty, Edgar Woolsey,* for appellee.

FRANK HOLT, Associate Justice. This is an appeal from two chancery court orders, one refusing to reduce the appellant's alimony payment and the other adjudging him in contempt of court for failure to make the payments as ordered.

The appellee was granted a divorce from appellant in 1959. She was also awarded custody of their son with $65.00 per month as child support and $50.00 per month as alimony. In 1961, on appeal to this court, we denied any reduction in appellant's alimony and child support payments. *Nicholas* v. *Nicholas,* 234 Ark. 254, 351 S. W. 2d 445. In October of 1963 appellant filed his present petition again seeking a reduction of his alimony pay-

ment. The appellee responded by asking for an increase in child support payment. The trial court denied both motions. About two months later the Chancellor adjudged the appellant in contempt for failure to make the payments of child support and alimony as ordered.

On appeal appellant urges that because of a change in circumstances the Chancellor erred in refusing his request for a reduction in alimony payment and, also, in adjudging him in contempt.

In August, 1963, appellant was making $400.00 per month at which time he had to undergo surgery for removal of two ruptured discs. He testified this resulted in his removal from the payroll for about six weeks. Since then his salary has been $200.00 per month. This reduction is expected to continue during the remaining period of his convalescence consisting of three to six months.· Appellant's employer is his present wife. He has ·been employed by her as the manager and only licensed embalmer in her funeral home since they married shortly after appellant's divorce. The appellant testified that he owns no property other than a motor boat and ski rig valued at $1,800.00 and that all property, including a 1963 family car, is owned by his present wife.

The evidence on behalf of the appellee reflects that certain real estate, which appellant testified was owned by his wife, was assessed in both their names; that a variety of advertising material indicates that the Hardwicke Funeral Home is owned by appellant and his wife. None of these publications reflect that he is the manager. The funeral home cannot legally operate without a licensed embalmer. Since his injury it has not been necessary to employ another in that capacity or add any other employee. The appellee's salary is $230.00 per month as a bank employee where she was employed when the case was previously before us. Their son, now eighteen years of age, is in college and requires a minimum expenditure of $100.00 per month as a student. He has a skin disorder that has necessitated a drug expense of approximately $40.00 per month which will continue indefinitely.

The Chancellor, as the trial court, had before him the witnesses and observed their demeanor in every respect. He was in a position to see more than the printed word which alone comes to this court. Therefore, with this conflict in evidence, we cannot say that the finding of the chancery court in denying the reduction of alimony and adjudging the appellant in contempt in this unique case is against the preponderance of the evidence.

The decree is affirmed.