Argued February 5, affirmed April 1, 1975

IN THE MATTER OF THE REGISTRATION OF A FOREIGN
JUDGMENT RENDERED IN THE CASE OF
SCHROEDER, *Respondent, v.* SCHROEDER,
*Appellant.*
533 P2d 350

*Cecil H. Quesseth,* Salem, argued the cause and filed a brief for appellant.

*Norma J. Paulus,* of Paulus & Callaghan, Salem, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is a proceeding to register certain California judgments in Oregon pursuant to the Uniform Enforcement of Foreign Judgments Act, ORS Chapter 24. The Circuit Court for Marion County registered the judgments and based thereon entered a judgment requiring defendant to pay to plaintiff the amount due on the California judgments. Defendant appeals.

There is no dispute about the facts. The plaintiff, Josephine H. Schroeder, was divorced from the defendant, John J. Schroeder, by the Superior Court of Santa Clara County (hereafter Superior Court) in which the parties then resided. An interlocutory decree was entered on October 14, 1968 which provided that plaintiff was entitled to a divorce from defendant and required defendant, inter alia, to pay plaintiff alimony of $100 per month for one year and $300 attorney fees.

The judgment also adjudged that the community property of the parties consisted of three-quarters of the total amount of defendant's retirement pay paid to him by the United States Air Force and awarded plaintiff as her sole and separate property one-half

of said three-quarters of said retirement pay, making plaintiff's share of said monthly retirement pay the sum of $76 and awarded to defendant the remaining one-half of said three-quarters portion as his sole and separate property.

On December 17, 1969 a final judgment of divorce was entered in the Superior Court incorporating therein by reference the provisions of the interlocutory judgment.

On December 30, 1969 there was entered in the Superior Court an order adjudging that there was then due to plaintiff from defendant the sum of $2,239.38 on account of alimony, property award, attorney fees, costs, and interest. On April 19, 1972 there was filed in the Superior Court a partial satisfaction acknowledging that the $2,239.38 adjudged to be due by the order of December 30, 1969 had been paid.

On January 18, 1972 the Superior Court entered an order adjudging that there was then due and unpaid from defendant to plaintiff on account of the community property award the sum of $2,032.62, including interest.

On April 26, 1972 plaintiff filed in the Circuit Court for Marion County a petition to register the four California judgments described above and the partial satisfaction of judgment. On the same day the circuit court entered an order registering the four judgments described above and the partial satisfaction of judgment.

In response to a summons served on him defendant, now a resident of Oregon, appeared and filed a motion to set aside the order registering said judgments in which he contended that the order of Janu-

ary 18, 1972 "was made ex parte" and (2) that the judgment awarding plaintiff one-half of three-quarters of his retirement pay was not "a personal judgment for the unconditional payment by defendant of a definite sum of money and no order or duty is imposed upon defendant in connection therewith".

At the hearing of this proceeding in the Circuit Court both parties were present in person and by counsel and it was stipulated as follows: (a) That, with the exception of the order entered in the Superior Court of January 18, 1972 adjudging that the amount due under the judgment awarding community property was $2,032.62, the California divorce decrees and orders were valid and could be received in evidence; (b) "that the defendant has paid all of the attorney fees, costs and alimony awarded in the California decree, plus the plaintiff's share of the Air Force retirement [pay] awarded to her as community property through the month of December, 1969"; (c) "that the defendant has received the plaintiff's awarded share of the Air Force retirement pay from January 1970 on and has not paid her anything on account thereof."

The defendant contends "that the community property award in California sought to be enforced in this case lacks finality and contains no order or direction upon defendant to pay any sums or do anything in connection with said judgment, and that therefore it was not entitled to be recorded as a foreign judgment under the Uniform Act." We are not persuaded by defendant's argument.

■ In California it is well settled that an award of a share of a husband's military retirement pay as com-

munity property requires the husband to pay the awarded portion of the retirement pay to the wife after he has received the retirement pay from the federal government. As the Supreme Court of California stated in *In re Marriage of Fithian,* 10 Cal 3d 592, 111 Cal Rptr 369, 517 P2d 449, 456 (1974):

> "* * * [A]n award of a community property share of [military] retirement benefits to wife involves neither an attachment of federal funds nor a demand on the federal paymaster, but instead orders husband after he receives the benefits to fulfill his obligation in the future pursuant to the judgment of dissolution."

■ Since defendant has stipulated that he has received all of plaintiff's portion of the retirement pay award since January 1970 and has not paid plaintiff her share of the retirement pay received since January 1, 1970 we need rely only on the California interlocutory judgment of divorce and the final judgment of divorce. Those two judgments together with defendant's stipulation determine the amount due plaintiff and we need not consider whether the order of January 18, 1972 was invalid because defendant was not given notice and a hearing before said January 18, 1972 order was entered.

The court below adjudged that there was due to plaintiff from defendant her portion of the retirement pay of $76 per month from January 1970 through May 1974 in the total sum of $4,028 for which plaintiff was given judgment against defendant. The circuit court noted parenthetically in its judgment that the above amount included the $2,032.62 which the Superior Court adjudged was due in its order of January 18, 1972. However, the $4,028 judgment entered in the circuit court rests securely on the interlocutory

and final judgments of divorce and needs no support from the order of January 18, 1972.

■ We also hold that the circuit court had jurisdiction and power to enter judgment against the defendant ordering him to pay to plaintiff her portion of future instalments of retirement pay commencing in June 1972. *Cousineau v. Cousineau,* 155 Or 184, 201-202, 63 P2d 897 (1936); *Picker v. Vollenhover,* 206 Or 45, 60, 290 P2d 789 (1955); *Hatch v. Hatch,* 247 Or 588, 431 P2d 832 (1967).

The judgment is affirmed.