WILLIAM J. HUBBELL, APPELLANT, V. THE FARMERS INSURANCE GROUP, APPELLEE.

263 N. W. 2d 863

Filed March 29, 1978. No. 41401.

James P. Miller, for appellant.

John K. Green of Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before WHITE, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and HENDRIX, District Judge.

BRODKEY, J.

William J. Hubbell, plaintiff and appellant herein, brought this action against defendant, The Farmers Insurance Group, to recover $4,200 for the theft of his car, which he alleged was insured by the defendant under an insurance policy providing for theft coverage. Defendant denied liability under the policy, and moved for summary judgment. After a hearing, the trial court concluded that no genuine issue of fact existed, sustained defendant's motion, and dismissed the petition with prejudice. Plaintiff's motion for new trial was overruled, and plaintiff has appealed to this court, contending that the District Court erred in granting summary judgment in favor of the defendant. We affirm the judgment of the District Court.

The insurance policy in question covered loss of plaintiff's automobile caused by "theft," and had an effective date of May 7, 1975. In his petition plaintiff alleged that on or about May 7, 1975, he had suffered a theft loss of his automobile. He then alleged: "A subsequent investigation by Mr. William J. Hubbell revealed that said automobile had been repossessed by Gilbert Gibreal, an Omaha car dealer, and subsequent investigation revealed that Mr. Gilbert Gibreal had a superior title due to the fact that Mr. Hubbell had purchased the car from an individual who had been able to secure a valid Nebraska title based on foreign title i.e. from the District of Columbia."

At the hearing on the motion for summary judgment, the defendant offered in evidence several exhibits relevant to the issue of whether the automobile was taken by theft, or repossessed by a person with superior title to the plaintiff. Relying solely on statements in the briefs of the parties, it appears that Gilbert Gibreal had sold the car to one Donald Branch, retaining title to the vehicle. Branch then somehow obtained a District of Columbia title, and used it to secure a second, Nebraska, title which did not reflect Gibreal's interest in the vehicle. The plaintiff purchased the automobile from Branch, who gave plaintiff the second, Nebraska, title. Gibreal then repossessed the car, and plaintiff brought a replevin action against Gibreal to recover the car. As stated in plaintiff's brief, "the issue of possession was decided against Mr. Hubbell in a replevin action by the Omaha, Nebraska, Municipal Court." Plaintiff then filed this action against the defendant. The exhibits offered and received in evidence at the hearing on the motion for summary judgment, however, are not before this court because the plaintiff did not have a bill of exceptions prepared and filed in this court.

The law is that the moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact in the case and where under the facts he is entitled to judgment as a matter of law. The trial court examines the evidence, not to decide any issue of fact, but to discover if any real issue of fact exists. See, Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976); Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152 (1973).

In the absence of a proper bill of exceptions, however, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented on appeal is the sufficiency of the pleadings to sustain the judg-

ment of the trial court. Boosalis v. Horace Mann Ins. Co., 198 Neb. 148, 251 N. W. 2d 885 (1977); State v. Jacobsen, 194 Neb. 105, 230 N. W. 2d 219 (1975). Depositions, affidavits, answers to interrogatories, and requests for admissions offered in evidence on a motion for summary judgment must be included in a bill of exceptions to be reviewed in this court on appeal. See, Brown v. Shamberg, 190 Neb. 171, 206 N. W. 2d 846 (1973); Lange v. Kansas Hide & Wool Co., 168 Neb. 601, 97 N. W. 2d 246 (1959). In the present case the plaintiff has not filed a bill of exceptions in this court containing the exhibits received at the hearing on the motion for summary judgment; therefore, the only question presented on appeal is the sufficiency of the pleadings to sustain the judgment of the trial court. Boosalis v. Horace Mann Ins. Co., *supra.*

Plaintiff alleged in his petition that his automobile was repossessed by a person who had superior title to the vehicle. This repossession was the basis for plaintiff's claim that the loss of his automobile had been caused by "theft." In Raff v. Farm Bureau Ins. Co., 181 Neb. 444, 149 N. W. 2d 52 (1967), this court stated that the term "theft" as used in an insurance policy "is not necessarily synonymous with larceny, but may have a much broader and more inclusive meaning. It could cover pilferage, swindling, embezzlement, conversion, and other unlawful appropriations as well as larceny." See, also, Modern Sounds & Systems, Inc. v. Federated Mut. Ins. Co., *ante* p. 46, 262 N. W. 2d 183 (1978). In the latter case we stated: "Automobile theft insurance is uniformly viewed as furnishing protection only against losses arising from criminal takings of the insured vehicle and there is apparently no judicial dissent from that proposition. * * * There can be no recovery under such a policy for a loss asserted to amount to a theft in the absence of proof of the existence of a criminal intent on the part of the taker."

It is apparent that automobile theft insurance does not furnish protection against the lawful repossession of a vehicle by a person with superior title to the insured. Repossession by a person with superior title cannot be said to be a criminal taking. See Modern Sounds & Systems, Inc. v. Federated Mut. Ins. Co., *supra*. Since plaintiff's loss, as alleged in his pleadings, was the result of repossession of his automobile by a person with superior title, we conclude the District Court was undoubtedly correct in concluding that summary judgment should be granted to the defendant. The pleadings support the judgment of the trial court, and therefore the judgment is affirmed.

AFFIRMED.