Sheila A. HOLLEY (now WEST)
*v.* Donald A. HOLLEY

77-251                                    568 S.W. 2d 487

Opinion delivered July 17, 1978
(In Banc)

*Gant & Gant,* for appellant.

*Frank W. Booth,* for appellee.

JOHN A. FOGLEMAN, Justice. This action was commenced on July 6, 1976, by appellant Sheila A. West (formerly Holley) in the Chancery Court of Sebastian County, Arkansas, by filing a petition for registration of a judgment, naming Donald A. Holley as respondent. It was a decree of divorce entered in the district court of Wyandotte County, Kansas on the 15th day of March 1968. By it, the marriage of appellant and appellee was dissolved and custody of two minor children, Todd Allen, born November 15, 1966, and Kristie Sue, born February 7, 1968, was awarded to appellant. Appellee was ordered to pay to appellant the sum of $40 per week as child support and alimony at the rate of $20 per month until the total sum of $550 in alimony had been paid. The proceeding was instituted under the Uniform Enforcement of Foreign Judgments Act [Ark. Stat. Ann. § 29-801, et seq. (Repl. 1962)]. A duly authenticated copy of the decree was attached and made an exhibit to the petition. In her verified petition, Mrs. West alleged that there had been no entries affecting this judgment subsequent to the date of its entry. The authenticating certificates were signed on June 8, 1976. Appellee filed a response in a pleading he denominated "demurrer, answer and counter-petition." After a hearing, the chancery court entered a decree recognizing the decree of the Kansas court, except as modified by the

decree. The trial court held appellee in contempt of court, rendered judgment for $6,240 in favor of appellant for child support arrearages, modified the Kansas decree to reduce the child support to $15 per child per week and ordered appellee to pay an additional $10 per week to be applied to the judgment for arrearages, established visitation rights for appellee and relieved him of the payment of current weekly child support during extended period of visitation by the children. Appellant prosecutes this appeal on three grounds. They are:

I

THE TRIAL COURT ERRED IN APPLYING A THREE YEAR LIMITATION TO THE CHILD SUPPORT ARREARAGES OR IN MODIFYING THE AMOUNT OF THE CHILD SUPPORT RETROACTIVELY.

II

THE TRIAL COURT ERRED IN REDUCING THE CHILD SUPPORT AS FIXED IN THE KANSAS DECREE.

III

THE TRIAL COURT ERRED IN FIXING AN UNREALISTICALLY LOW PAYMENT BY APPELLEE TO REDUCE ARREARAGES FOUND DUE.

By his responsive pleading, appellee demurred to the court's jurisdiction of his person and of the subject matter; demurred generally, pleaded the statute of limitations, waiver, equitable estoppel and unclean hands; asserted payment of substantial amounts; alleged that he had suspended child support payments on advice of counsel, upon the ground that appellant had refused to allow the children to visit him; and alleged that appellant had endeavored to sever all relations between him and the children. He sought a change in the custody of the children or, in the alternative, substantial visitation rights.

We must first dispose of a contention by appellee on cross-appeal. He asserts that the trial court erred in assuming jurisdiction of this cause of action under § 29-801. He points out that § 29-803 sets forth the required contents of an application for the registration of a foreign judgment, among which are the authentication of entries of record relating to execution, payments, and the like. Since there was no authentication as to these items, and there was evidence at the hearing that certain items reduced to judgment in that decree (but for which judgment was not sought here), had been paid by appellee and that substantial child support payments had been made, appellee asserts that the basis of appellant's petition was not sustained by the evidence. These facts would have been revealed, says appellee, had appellant complied with Ark. Stat. Ann. § 29-803. It is on this basis only that appellee attacks the jurisdiction of the court. He cites no authority to support that contention. Appellee raised the question of jurisdiction only by his demurrer to jurisdiction of the subject matter, which specified no grounds. Although the court's decree recites a finding that the court had jurisdiction of the parties and the subject matter, we are not certain that this particular question was ever presented to the trial court on this basis. Assuming, however, that this question has been preserved, we find no merit in the argument.

The constitutionality of the proceeding under the Uniform Enforcement of Foreign Judgments Act, and its applicability to a judgment or decree awarding child support to be paid in regular periodic installments and the propriety of enforcement of that decree in the state where it is registered, has been recognized. *Sullivan* v. *Sullivan*, 168 Neb. 850, 97 N.W. 2d 348, 72 ALR 2d 1251 (1959); *Light* v. *Light*, 12 Ill. App. 2d 502, 147 N.E. 2d 34 (1957); *Willhite* v. *Willhite*, 546 P. 2d 612 (Okla., 1976). We agree with these holdings. The statute defines a foreign judgment as "any judgment, decree, or order of a court of the United States or any State or Territory which is entitled to full faith and credit in this state." Ark. Stat. Ann. § 29-801. The court in which the judgment is registered then treats the judgment and enforces it exactly as it would a judgment rendered by it. *Mangold* v. *Mangold*, 294 S.W. 2d 368 (Mo. App., 1956); *Ehrenzweig* v. *Ehrenzweig*, 86 Misc. 2d 656, 383 N.Y.S. 2d 487 (1976).

A failure to strictly comply with the requirements of § 29-803 as to subsequent entries did not totally deprive the trial court of jurisdiction of the subject matter in this case where appellee was personally served and responded. No levy on the judgment was attempted under § 29-806 prior to the trial court's decree. The Kansas court could not have retrospectively modified the child support payments. *Ediger v. Ediger,* 206 Kan. 447, 479 P. 2d 823 (1971); *Grunder v. Grunder,* 186 Kan. 766, 352 P. 2d 1067 (1960). Actually, in Kansas, a past due installment becomes a final judgment as of the due date, rather than a right to judgment, as in Arkansas. *Ediger v. Ediger,* supra. The judgment was, beyond doubt, entitled to full faith and credit in Arkansas. *Loomis v. Loomis,* 221 Ark. 743, 255 S.W. 2d 671.

The abstract of the record does not reveal whether the Clerk of the Circuit Court of Sebastian County requested information from the Clerk of the District Court of Wyandotte County, Kansas, as required by Ark. Stat. Ann. § 29-803. At any rate, appellee does not contend that this particular failure was jurisdictional. If the allegation of appellant's petition with regard to subsequent entries was not correct, appellee could easily have invoked this action as a means of disclosing the truth of the matter, which he did not deny in his pleading.

Another reason for rejecting appellee's argument as to jurisdiction is the fact that by his counter-petition, appellee sought affirmative relief, thereby waiving all objections to the court's jurisdiction. This gave the trial court jurisdiction over the controversy between the parties and, when jurisdiction is acquired for any purpose, the trial court may settle the rights of the parties, since the jurisdiction of the subject matter was not wholly beyond the power of the court. *Du Fresne v. Paul,* 144 Ark. 87, 221 S.W. 485. *Christmas v. Raley,* 260 Ark. 150, 539 S.W. 2d 405. See also *Jamison v. Henderson,* 189 Ark. 204, 71 S.W. 2d 696. It should be pointed out that the jurisdictional question here does not go to the power of the court to act in the premises. The court would have had jurisdiction and power to act in an action on a foreign judgment even in the absence of the uniform act. See, *Baldwin v. Cross,* 5 Ark. 510; *Brian v. Tims,* 10 Ark. 597; *Hallum v. Dickinson,* 54 Ark.

311, 15 S.W. 775; *Motsinger* v. *Walker,* 205 Ark. 236, 168 S.W. 2d 385; *Berger* v. *Berger,* 222 Ark. 463, 261 S.W. 2d 259.

## I

The judgment rendered by the trial court recited that it represented arrearages in child support payments determined "by a finding of $2,080 per year for a period of three years, which is the period the Court elects and chooses to go back through." The chancellor stated, in making her findings: "The Court is going to grant a judgment for three years instead of the allowed five." It is clear from this statement, as well as from an earlier admonition by the chancellor to the attorneys in the case, that she was well aware of the applicability of the five year statute of limitations, so we are unable to say that the judgment was based upon the erroneous application of a three year statute of limitations. Withholding judgment for the additional two years must be justified on some other basis.

The five year statute of limitations would have permitted judgment for arrearages after July 6, 1971. The last payment ($60) was made by appellee on October 20, 1971. A total of $260 was paid by him in that year. Even if all this sum was paid within the five year period preceding the filing of appellant's petition, the judgment should have been much more than that entered and the chancellor did not indicate how she arrived at a three year period and we can find no basis for it. Ordinarily, the chancery court has no power to remit accumulated court-ordered support payments. *Kirkland* v. *Wright,* 247 Ark. 794, 448 S.W. 2d 19. In this state, entitlement to payment vests in the person entitled to it as the payments accrue as the equivalent of a debt due and, subject to any disallowance for periods of time when the conduct of the custodial parent entitled to payment has defeated the rights of the other parent or otherwise justified disallowance, judgments should be rendered for the full amount of the arrearages, limited only by the five year statute of limitations. *Riegler* v. *Reigler,* 246 Ark. 434, 438 S.W. 2d 468; *Johnson* v. *Arledge,* 258 Ark. 608, 527 S.W. 2d 917; *Kirkland* v. *Wright,* supra; *Brun* v. *Rembert,* 227 Ark. 241, 297 S.W. 2d 940. There is at least doubt about the power of the Arkansas court to

reduce this foreign judgment under any circumstances, in view of Kansas law on the subject. *Loomis* v. *Loomis,* supra. But we treat this question as if it had arisen in connection with an Arkansas decree, because no one invoked the Kansas law as required by Ark. Stat. Ann. § 27-2504 (Supp. 1977).

There are circumstances in which the court is justified in withholding judgment for unpaid child support installments, such as when the mother having custody deprives the father of temporary custody or visitation rights by failing to comply with the terms of a valid decree governing those rights. *Massey* v. *James,* 251 Ark. 217, 471 S.W. 2d 770; *Pence* v. *Pence,* 223 Ark. 782, 268 S.W. 2d 609. In such cases, the chancery court is not required to give judgment for arrearages accruing during the time the mother's actions have defeated the father's visitation rights.

Under the decree, Holley was only granted specific visitation rights as to the son. That was limited to one weekend per month and two weeks during summer vacation. He was enjoined from taking either child at any time for a period longer than that specified in the decree. Nothing else was said about visitation. It cannot be said that appellant has violated any of the terms of this decree with respect to visitation with the daughter.

There is no evidence that appellant removed the children so far from their father that he could not visit the children without great expense as was the case in *Antonacci* v. *Antonacci,* 222 Ark. 881, 263 S.W. 2d 484. There was no indication that the whereabouts of the children were concealed from him as was the case in *Pence* v. *Pence,* 223 Ark. 782, 268 S.W. 2d 609, where the court was fragmented on the question. As a matter of fact, appellee testified that he had gone to Buckner, Missouri, where Mrs. West had lived for nearly nine years at the time of the hearing, and where she had obtained employment, and had taken both children for a visit to his parents from grandparents in Pittsburg, Kansas. Appellee's mother admitted that appellant had brought the children to her house around Thanksgiving in 1975 and that she had taken them next door, where appellee's grandparents lived, on other occasions. Obviously, he knew where the children were

at all times. In these respects, this case is more nearly like *Carnahan* v. *Carnahan,* 232 Ark. 201, 335 S.W. 2d 295, where we reversed the chancery court's denial of judgment for arrearages in child support payments. See also, *Nicholas* v. *Nicholas,* 234 Ark. 254, 351 S.W. 2d 445.

Appellee testified that he had instituted a proceeding in connection with the matter in Jackson County, Missouri. Like the father in *Kirkland* v. *Wright,* supra, where we held that good cause to deny judgment for delinquent child support payments had not been shown, appellee did not pursue the matter. He did not even know whether process was ever served on appellant. He said that there was a meeting between her attorney and his attorney and that he had instructed his attorney to resolve the differences out of court.

The evidence consisted largely of the testimony of the parties and is in considerable conflict on matters other than those recited above. As pointed out, appellee pleaded waiver, equitable estoppel and unclean hands, among other defenses. Yet it is clear that appellee had wilfully disobeyed the orders for payment of child support because the chancellor held that appellee was in contempt of court because of his failure to meet his obligations. We are totally unable to ascertain the basis for the trial court's withholding judgment for the full five year period prior to the commencement of this proceeding. In this respect, this case is unlike *Sharum* v. *Dodson,* 264 Ark. 57, 568 S.W. 2d 503, where the basis for denial of judgment for the full amount could only have been attributable to the actions of the mother.

## II

As we have pointed out, the trial court found appellee in contempt of court for failure to meet his obligations under the Kansas decree and ordered him incarcerated for 30 days, but made provisions for him to exonerate himself by paying $1,-000 on the judgment for arrearages and $150 as attorney's fees. The court also modified the Kansas decree by reducing the child support from $40 per week to $15 per week, in spite of the fact that appellee had not asked this sort of relief. A change in circumstances is a necessary prerequisite to a reduction of child support payments. *Sindle* v. *Sindle,* 229 Ark.

209, 315 S.W. 2d 893. The burden of showing such a change was on appellee. *Riegler* v. *Riegler,* 246 Ark. 434, 438 S.W. 2d 468. Both parties have remarried. We have no indication of the income of appellant's present husband, who is an equipment operator. Appellant is employed by her uncle, as she has been since a short time after the divorce. She earns $83 per week. It seems obvious that the needs of the children are greater now than they were when the decree was entered. Appellee is now earning $425 per week in his employment by a television station and a radio station in Ft. Smith. His present wife has a son and daughter by a previous marriage. Her son lives with his father. She receives child support for the daughter who lives with her. Since there is no real basis for comparison, we have no means of ascertaining the trial court's basis for modification of the Kansas decree.

## III

We do not understand the basis for the trial court's requiring appellant to pay only $10 per week on the judgment for arrearages. This is less than interest on the balance of the judgment, after appellee purges himself of contempt. The judgment would never be satisfied. Although the court cannot withhold execution or garnishment on the judgment, it is proper for the court to make provision for payment of arrearages in such amounts as the circumstances warrant in order to allow the judgment debtor to avoid punishment for contempt of court.

The decree granting judgment for $6,240 and holding appellee in contempt of court is affirmed. Since there is reversible error on the withholding of execution in this case and we are unable to fix the rights of the parties on other matters on trial de novo, we deem it best for the case to be remanded to the trial court for reconsideration of the question whether appellant is entitled to judgment for an additional amount on account of arrearages and of the question of modification of the Kansas decree and of the amount of monthly payments to be made by appellee to avoid being in contempt of court.

HARRIS, C.J., and BYRD, J., dissent.

HICKMAN, J., concurs.