JIM SNYDER, DOING BUSINESS AS JIM SNYDER DRILLING COMPANY, APPELLEE, V. DALE NELSON, APPELLANT.
331 N.W.2d 252

Filed March 4, 1983. No. 81-746.

John D. Sykora, for appellant.

John B. Ashford of Bradford, Coenen & Ashford, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Dale Nelson, defendant below, appeals from the granting of summary judgment to plaintiff-appellee, Jim Snyder, doing business as Jim Snyder Drilling Company, registering the latter's Colorado judgment in the principal sum of $20,934.64. We affirm.

The appellant Nelson contends the Nebraska trial court erred, first, in finding that the Colorado court had personal jurisdiction over his person and, second, in determining there were no disputed material facts such as would preclude decision of the case as a matter of law.

Summary judgment may be properly granted where there exists no genuine issue as to any material fact in the case, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *First National Bank v. Rose, post* p. 611, 330 N.W.2d 894 (1983); *Mutual Benefit Life Ins. Co. v. Chisholm, ante* p. 301, 329 N.W.2d 103 (1983); *Stolte v. Blackstone, ante* p. 113, 328 N.W.2d 462 (1982); *Oehlrich v. Gateway Realty of Columbus, Inc.,* 209 Neb. 417, 308 N.W.2d 327 (1981); *Metro. Tech. Community College v. South Omaha Industrial Park,* 207 Neb. 472, 299 N.W.2d 535 (1980). It is in accordance with the foregoing rule that we must test this case.

Although it is appellant's responsibility to see that a bill of exceptions is filed in this court (see Neb. Ct. R. 5C(5) (Rev. 1982)), Mr. Nelson, for whatever reason, has elected to not so favor us. There is, consequently, no evidence for us to review. It appears we most recently addressed this problem with respect to motions for summary judgment in *DeCosta Sporting Goods, Inc. v. Kirkland,* 210 Neb. 815, 816, 316 N.W.2d 772, 774 (1982), wherein we stated: "In order to receive consideration on appeal, any affidavits used on a motion for summary judgment must have been offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. . . . Included within the transcript is an

affidavit . . . and a copy of a petition . . . . However, neither of these items was received in evidence . . . they do not form a part of the bill of exceptions, and under the rule cited above may not be considered on appeal.'' It has long been the rule that assignments of error requiring an examination of the evidence are not available on appeal in the absence of a bill of exceptions, the bill of exceptions being the only vehicle for bringing evidence to this court. This remains so even though certain evidence has been physically filed in the office of the clerk of the trial court. *Hanson v. Hanson,* 198 Neb. 675, 254 N.W.2d 699 (1977); *Hubbell v. Farmers Ins. Group,* 200 Neb. 472, 263 N.W.2d 863 (1978); *Bulger v. McCourt,* 179 Neb. 316, 138 N.W.2d 18 (1965). See, also, Neb. Ct. R. 5A(2) (Rev. 1982), formerly rule 7.d.2. (Rev. 1977).

We are limited, therefore, to an examination of the pleadings; if they are sufficient to support the judgment, we will not reverse the trial court. *Nimmer v. Nimmer,* 203 Neb. 503, 279 N.W.2d 156 (1979); *Hubbell v. Farmers Ins. Group, supra.* Moreover, where there is no bill of exceptions, it will be presumed on appeal that the evidence supports the trial court's judgment. *Tedco Development Corp. v. Overland Hills, Inc.,* 205 Neb. 194, 287 N.W.2d 49 (1980); *Schroeder v. Homestead Corp.,* 171 Neb. 792, 107 N.W.2d 750 (1961), *cert. denied* 368 U.S. 32, 82 S. Ct. 146, 7 L. Ed. 2d 90.

Appellee Snyder filed a petition pursuant to the Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. §§ 25-1587 et seq. (Reissue 1979). The petition, filed July 28, 1980, alleged the Colorado judgment, alleged the date of its entry, alleged the amount of the judgment, alleged that there were no subsequent entries affecting it, and prayed for its registration. In his answer appellant Nelson denied the operative allegations of the petition, including the allegation that there had been no subsequent entries affecting the judgment, and alleged a myriad

of defenses and purported defenses. He also counterclaimed, praying, among other things, for return of the interest he had paid on the underlying promissory note, in one cause of action, and for sundry damages, in the second cause of action. The judgment of the Nebraska trial court recites that the matter was heard "upon the Motion of the Plaintiff for summary judgment, the pleadings in the case, the evidence submitted in support of and in opposition of said motion for summary judgment and the Court being fully advised in the premises finds that a judgment was entered against Defendant and in favor of Plaintiff on April 18, 1980 by the District Court for the City and County of Denver, State of Colorado, in the amount of $20,934.64, with interest at the rate of 8% per annum from April 18, 1980, plus Plaintiff's costs incurred in said proceeding in the amount of $195.60 and the Court further finds that the Plaintiff is entitled to have said foreign judgment registered in the District Court of Saunders County, Nebraska."

In order to answer the question as to whether appellee Snyder's petition supports the Nebraska trial court's judgment of registration, we must look to the requirements found in § 25-1589. That statute provides: "A petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, such as levies of execution, payments in partial satisfaction, and the like, all authenticated in the manner authorized by the laws of the United States or of this state, and a prayer that the judgment be registered. The clerk of the registering court shall notify the clerk of the court which rendered the original judgment that petition for registration has been made, and shall request him to file this information with the judgment."

The certificates of the Colorado court authenticate the April 18, 1980, judgment as of May 13, 1980, and recite that the copy is a "true, complete and perfect

copy of [the] Judgment Order had and entered . . . as the same now remains on file and of record . . . ." The certificates make no statement with respect to "any subsequent entries affecting" the judgment, as required by the language of § 25-1589. Nor does the record before us establish that the clerk of the Nebraska District Court, Fifth Judicial District, Saunders County, fulfilled the requirements imposed upon her by the provisions of § 25-1589.

The pivotal issue, therefore, is whether the record as it stands before us, notwithstanding its failure to contain an authenticated statement as to subsequent events affecting the Colorado judgment and its failure to establish that the Nebraska trial court's clerk fulfilled her statutory duties, is sufficient to support the judgment of registration.

The briefs of counsel refer us to no case on this issue. However, *Holley v. Holley,* 264 Ark. 35, 568 S.W.2d 487 (1978), is apposite. The petition filed therein under the Uniform Enforcement of Foreign Judgments Act, as adopted by Arkansas, alleged that there had been no entries affecting the judgment sought to be registered, but the authenticating certificates were silent in that regard. Neither did the record before the appellate court reveal whether the clerk of the registering court requested from the court entering the judgment the information required by the Arkansas statute. The Arkansas Supreme Court concluded that the failure to strictly comply with the statutory requirements governing the contents of a petition for registration of a foreign judgment as to subsequent entries did not totally deprive the trial court of jurisdiction of the proceeding for registration where the party against whom registration was sought was personally served and responded. No contention was made in *Holley* that the failure of the record to reveal whether the clerk of the registering court had fulfilled his duties was jurisdictional, and the court therefore did not address that issue. It did observe, however, that if the

allegation of the petition with regard to subsequent entries was not correct, the action to register the judgment could have been used to disclose the truth of the matter. The Arkansas Supreme Court further reasoned that by filing a counterpetition seeking affirmative relief, the party against whom registration was sought had waived all objections to the Arkansas trial court's jurisdiction over the controversy between the parties. See, also, *Concannon v. Hampton,* 584 P.2d 218 (Okla. 1978), holding that authentication is evidentiary, not jurisdictional.

It seems to us the reasoning of the Arkansas court is sound. Admittedly, *Holley* is distinguishable from this case in that the effect of the failure of the registering court's clerk to comply with the statute was not at issue. Since we must determine the sufficiency of Mr. Snyder's petition to support the judgment, the question is at issue here. Further, in *Holley* the allegation that there had been no subsequent entries was not denied, whereas Mr. Nelson has denied that allegation. Nonetheless, the overriding rationale of *Holley,* it seems to us, is that where the party against whom registration is sought appears in the proceeding, strict compliance with the statutory requirements is not required. We conclude that rationale is sound, at least where evidence has been taken and there is no bill of exceptions. We so hold with respect to a silent record on the question of the clerk's diligence and the lack of authentication with respect to subsequent entries affecting the judgment.

The brief of appellant Nelson assures us that his "cross-petition" was dismissed by the trial court. That may be, but the judgment contained in the record before us makes no mention of Mr. Nelson's cross-petition; in fact it reflects that Mr. Snyder's demurrer to the second cause of action is still under advisement. In any event, those matters are not properly before us.

The judgment of the trial court registering Mr. Snyder's Colorado judgment is affirmed.

AFFIRMED.