FERN E. RIEDY, APPELLANT, V. HAROLD E. RIEDY, APPELLEE.
383 N.W.2d 742

Filed March 28, 1986.   No. 84-838.

Patrick J. Nelson of Jacobsen, Orr & Nelson, P.C., for appellant.

David W. Jorgensen of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Upon the application of the appellee husband, Harold E. Riedy, the trial court reduced the amount of alimony he was obligated to pay under the terms of an Iowa decree of dissolution previously registered by the appellant wife, Fern E. Riedy, pursuant to the Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. §§ 25-1587 through 25-15,104 (Reissue 1979). We reverse and dismiss for lack of jurisdiction.

It is clear that money obligations accrued under a foreign alimony decree registered in this state pursuant to the

provisions of the act may be enforced by the courts of this state. *Sullivan v. Sullivan*, 168 Neb. 850, 97 N.W.2d 348 (1959).

The present case, however, does not seek to have the Nebraska courts enforce money obligations which have accrued under a foreign alimony decree but, rather, seeks to have the courts of this state modify money obligations which had not yet accrued under the decree as registered.

The question which must be answered, then, is whether the act contemplates the registration of such a decree with a view toward enforcing unaccrued money obligations.

Some courts have permitted enforcement of foreign judgments with respect to unaccrued money obligations. *Schroeder v. Schroeder*, 271 Or. 582, 533 P.2d 350 (1975); *Salmeri v. Salmeri*, 554 P.2d 1244 (Wyo. 1976). Indeed, the court in the latter case, as did the trial court in this case, modified unaccrued money obligations arising under a foreign decree registered under the act. At least one court, however, has held that a foreign child support decree is not entitled to registration under the act to enforce money obligations which had not accrued. *Siegel v. Mosier*, 632 S.W.2d 76 (Mo. App. 1982).

An analysis of the act itself convinces us that it does not contemplate the enforcement of a foreign alimony decree with respect to unaccrued money obligations. But cf. *Johnson v. Johnson*, 215 Neb. 689, 340 N.W.2d 393 (1983) (which entertained but refused to modify a foreign child support decree registered under the act).

Section 25-1589 requires that the petition for registration "set forth a copy of the judgment to be registered, the date of its entry *and the record of any subsequent entries affecting it . . . .*" (Emphasis supplied.) While it is true that a judgment debtor may, by appearing, adducing evidence, and failing to file a bill of exceptions, waive that requirement, *Snyder v. Nelson*, 213 Neb. 605, 331 N.W.2d 252 (1983), the language of that section nonetheless manifests that only accrued money obligations come within the purview of the act, for there could be no entries affecting unaccrued money obligations.

Section 25-1592 of the act provides that at any time after registration a levy may be made under the registered judgment.

Obviously, a levy cannot be made upon an unaccrued money obligation, for no judgment could yet have been entered upon it.

Section 25-1593 provides that if the judgment debtor over whom personal jurisdiction has been obtained fails to plead, or if, after hearing, the registering court fails to set the registration aside, the registered judgment shall become a final personal judgment of the registering court. Section 25-1598 provides a means for the registered judgment to become a final judgment quasi in rem of the registering court where personal service has not been obtained upon the judgment debtor and a levy has been made. Again, unaccrued money obligations cannot become final judgments.

It is clear to us, therefore, that the act provides a means of enforcing accrued judgments and does not permit the enforcement of unaccrued money obligations. Having no jurisdiction to enforce the unaccrued money obligations, the trial court had no jurisdiction to modify those obligations.

We recognize that in this instance the parties agreed that the district court could consider and adjudicate the matter. It is axiomatic, however, that the parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent. *Whitehouse Energy Savers v. Hanlon*, 214 Neb. 572, 334 N.W.2d 802 (1983).

Since the trial court lacked jurisdiction, this court also lacks jurisdiction. *Moell v. Mennonite Deaconess Home & Hosp.*, 221 Neb. 168, 375 N.W.2d 618 (1985).

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.