NORTH GATE CORPORATION, Respondent, v. NATIONAL FOOD STORES, INC., Appellant.

*February 1—March 17, 1966.*

318

320

For the appellant there was a brief by *John L. Riley* and *Riley, Pierce & Lynch,* all of Madison, and oral argument by *John L. Riley.*

For the respondent there was a brief by *Byron C. Ostby*, attorney, and *W. Scott Van Alstyne, Jr.*, and *George F. Jacobs, Jr.*, of counsel, all of Madison, and oral argument by *Mr. Ostby.*

FAIRCHILD, J.   The sole issue debated by the parties is whether, the lessor being a corporation, the words "its beneficiaries" in paragraph Fifth of the lease, mean or include "its shareholders."   National takes the position that North Gate, the lessor, warranted that its shareholders would not permit the use of land owned by them individually, if within a mile, for a retail food store.

The critical portion of paragraph Fifth reads: ". . . neither Lessor nor his heirs or legal representatives, or its beneficiaries, subsidiaries, affiliates, successors, or assigns, or any entity in which they or any of them have an interest. . . ."

Contract terms being construed are to be considered in context.[1]  Words used in a contract are generally given their plain or ordinary meaning but ". . . technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless the context of the contract or an applicable custom or usage clearly indicates that a different meaning was intended."[2]  Neither the ordinary meaning nor any technical meaning of "beneficiary" is equivalent to "shareholder."

Black's Law Dictionary (4th ed.), defines "beneficiary" as "One for whose benefit a trust is created; a *cestui que trust.*  A person having the enjoyment of property · of which a trustee, executor, etc., has the legal possession. The person to whom a policy of insurance is payable. One receiving benefit or advantage, or one who is in receipt of benefits, profits, or advantage."

---

[1] 17 Am. Jur. (2d), Contracts, p. 635, sec. 246.

[2] 17 Am. Jur. (2d), Contracts, p. 643, sec. 251.

Where various meanings can be given a term, the term is to be strictly construed against the draftsman of the contract.[3] Here the draftsman was National. Further, the intent of the provision in question is to restrict trade and the use of land. Such provisions are to be strictly construed.[4] The legal term "beneficiaries" normally refers to persons designated to receive benefit from a trust, an estate or an insurance contract.

National contends that the term as used in paragraph Fifth cannot refer to a *cestui que trust* because of the grammatical context. National suggests that the form was devised for use by either an individual or by a corporation. Where the lessor is an individual, the phrase "nor his heirs or legal representatives" is applicable. But where the lessor is a corporation, National claims that the entire phrase "or its beneficiaries, subsidiaries, affiliates, successors, or assigns" becomes operative, and each of the terms must be relevant to a corporation. National rejects the possibility that a trust or estate might be named as lessor as if it were an entity, and that the term "its beneficiaries" was intended to refer to the beneficiaries of a lessor trust or estate. National makes the nice point that the trustee or the executor properly should be named lessor in such case, and that the beneficiaries of the trust or estate are not properly called beneficiaries of the trustee or executor. This particular argument does not explain, however, why we should prefer the assumption that a draftsman would not name a trust as lessor over the assumption that he would not refer to the beneficiaries of a corporation if he meant its shareholders.

---

[3] *Schiller v. Keuffel & Esser Co.* (1963), 21 Wis. (2d) 545, 124 N. W. (2d) 646; *Strong v. Shawano Canning Co.* (1961), 13 Wis. (2d) 604, 109 N. W. (2d) 355; *Hoffmann v. Pfingsten* (1951), 260 Wis. 160, 50 N. W. (2d) 369; *Northwestern Loan & Trust Co. v. Topp Oil & Supply Co.* (1933), 211 Wis. 489, 248 N. W. 466; *Milwaukee Corrugating Co. v. Krueger* (1924), 184 Wis. 139, 198 N. W. 394.

[4] 51 C. J. S., Landlord and Tenant, p. 865, sec. 238.

Canons of construction are designed to aid courts in ascertaining the intention of the parties.[5] Normally the words used by the contracting parties are the best indicators of their intention. Occasionally words not used are also instructive. Here National contends that it was the intention of the parties that paragraph Fifth apply to shareholders of a corporation. If that were the intention of the parties, the intention could easily have been manifested merely by using the common term "shareholders." We cannot ignore the draftsman's failure to use an obvious term, especially where it is the draftsman who is urging a tenuous interpretation of a term in order to make it applicable to a situation which would clearly have been covered if the obvious term had been chosen.

National argues that a construction of an agreement which leaves a part of the language useless or creates surplusage is to be avoided. This is the general rule[6] but it has much less force where, as here, a standard form, designed for use in varying fact situations, is used, and it is obvious that in each transaction where the form is used, some of its terms will necessarily be surplusage.

We think the term "beneficiaries" may have meaning where this form of lease is used for property held in trust, and that it ordinarily has no meaning with respect to a corporate lessor which is not a fiduciary. We say "ordinarily" because we note, for example, that it is possible for the directors of a dissolved corporation to become trustees for the benefit of creditors and shareholders by operation of law.[7] Whether in that instance or any other extraordinary one, not present here, the sharehold-

---

[5] 17 Am. Jur. (2d), Contracts, pp. 631–635, secs. 244, 245; *Wisconsin Marine & Fire Ins. Co. Bank v. Wilkin* (1897), 95 Wis. 111, 69 N. W. 354.

[6] *Goldmann Trust v. Goldmann* (1965), 26 Wis. (2d) 141, 131 N. W. (2d) 902; *Worth v. Kelley Co.* (1964), 22 Wis. (2d) 318, 126 N. W. (2d) 75; *Nelson v. Boos* (1959), 7 Wis. (2d) 393, 96 N. W. (2d) 813; *Lauterbach v. Brown* (1959), 7 Wis. (2d) 240, 96 N. W. (2d) 605.

[7] Sec. 180.768, Stats.

ers would be deemed beneficiaries under paragraph Fifth, we need not and do not decide.

National has based its case against North Gate upon a construction of the words of the lease, and has not claimed that there are any facts present here which would justify a departure from the ordinary rule that a corporation is an entity separate from its shareholders.[8]

National contends that certain observations of the trial court with respect to available remedies for breach were erroneous. If there were error in any of such statements, it would not be prejudicial since there was no breach.

*By the Court.*—Judgment affirmed.

---

[8] See *Jonas v. State* (1963), 19 Wis. (2d) 638, 644, 121 N. W. (2d) 235.