E. ARLENE OEHLRICH, PERSONAL REPRESENTATIVE OF THE ESTATE OF HERMAN E. OEHLRICH, DECEASED, APPELLEE, V.
GATEWAY REALTY OF COLUMBUS, INC., A CORPORATION, APPELLANT.

308 N.W.2d 327

Filed July 10, 1981. No. 43363.

Patrick A. Brock for appellant.

Raymond E. Baker of Baker & Beck for appellee.

Heard before BOSLAUGH, CLINTON, and BRODKEY, JJ., and WOLF and BURKHARD, District Judges.

BURKHARD, District Judge.

This is an action for an accounting for the payment of real estate commissions which E. Arlene Oehlrich, personal representative of the estate of Herman E. Oehlrich, deceased, appellee, claims are owing under the terms of an employment contract between the decedent, hereinafter called Oehlrich, and Gateway Realty of Columbus, Inc., appellant, hereinafter called Gateway.

The trial court granted a partial summary judgment in favor of Oehlrich for listing commissions regarding two pieces of property, one being a farm owned by Richard Triba and the other being a residential property owned by Charles Allphin. The judgment was in the amount of $1,970.10 and costs in the amount of $70.20. Gateway's motion for new trial was overruled, and this appeal was then taken. We affirm.

Gateway assigns as error that (1) the District Court erred and abused its discretion in determining that there were no genuine issues of material fact; (2) the District Court erred in finding that it was the intent of the parties that Oehlrich was entitled to real estate commissions on all business finalized by him regardless of when the commissions were collected or earned; (3) the judgment was not sustained by sufficient evidence and is contrary to the evidence; (4) the judgment is contrary to the law; and (5) the District Court erred in not finding that the real estate commissions were earned after Oehlrich's death and had not accrued prior to his death pursuant to the terms of the employment contract.

Gateway, as a real estate broker, operates a general

real estate business in the city of Columbus, Nebraska, and as such, in the course of its business, procures listings of real estate for sale to prospective purchasers thereof. On January 3, 1977, Gateway and Oehlrich entered into a written contract of employment whereby Oehlrich would act as a real estate salesman pursuant to the terms of the employment contract. As part of his duties under the employment contract, Oehlrich was to use his best efforts to sell, lease, or rent real estate listed with Gateway and to solicit additional listings for Gateway in connection with Gateway's real estate business. Oehlrich was to be paid on a commission basis.

The employment contract provided for commissions to be divided between Gateway and Oehlrich when collected, and provided that when commissions were collected from the party or parties for whom the service was performed Gateway was to hold the commissions in trust for Oehlrich. It also provided that such division and distribution of commissions should take place as soon as practicable after the collection of any such commissions.

Oehlrich's commission as a listing salesman under his contract of employment was 27½ percent of the total commission.

While under the employ of Gateway and while the employment contract was in full force and effect, Oehlrich obtained real estate listings on behalf of Gateway, two of which are the subject of this appeal. One was a farm listing contract executed on behalf of Gateway by Oehlrich for the sale of a farm owned by Richard Triba, with the listing dated August 30, 1976, and effective until March 1, 1977. The other one was a residential listing contract executed on behalf of Gateway by Oehlrich involving the Charles Allphin property, with the listing contract dated October 11, 1976, and effective until January 11, 1977, but subsequently extended to February 11, 1977. On February 7, 1977, Oehlrich died. Thereupon, following Oehlrich's death, the Triba property was sold by a Gateway Realty of

Omaha agent on February 11, 1977, to Norval Augustin. Then, on February 22, 1977, the Allphin property was sold by the Nebraskaland Allied Agency of Columbus, Nebraska, to R. E. Valsnik. Both of these properties were thus sold through other brokers and agents by means of the multiple listing service within the real estate community. Eventually, upon the closing of these transactions, Gateway as the listing broker was paid a commission as to both the Triba property and as to the Allphin property, even though the Allphin property was sold after the expiration date of the listing contract.

Paragraph 4 of the employment contract provides in part as follows: "When the Salesman shall perform any service hereunder, whereby a commission is earned, said commission shall, when collected, be divided between the Broker and Salesman, in which division the Salesman shall receive a proportionate share as set out in the Broker's 'commission schedule' in effect at the time such commission is earned, and the Broker shall receive the balance." Gateway contends that a commission was not earned by Oehlrich as a result of the two listings. Gateway asserts, and rightfully so, that a broker earns his commission and becomes entitled thereto when he produces a purchaser who is ready, able, and willing to purchase at a price and upon terms specified by the principal or satisfactory to him. *Wisnieski v. Coufal*, 188 Neb. 200, 195 N.W.2d 750 (1972). We are concerned here, however, not with a selling salesman but with a *listing* salesman. Oehlrich had done all that was required of him to earn a commission as a listing salesman when he obtained the two listings. He himself did not have to produce a ready, able, and willing purchaser. He just had to wait for the property to be sold and for Gateway to receive its commission, which was done, in order to collect his commission.

Paragraph 7 of the employment contract provides as follows: "This contract and the association created hereby, may be terminated by either party hereto at any

time upon notice given to the other; but the rights of the parties to any commission which accrued prior to such notice shall not be divested by such termination." This is the only provision in the contract pertaining to termination of the contract. It seems clear, obvious, and fair that if termination of the contract under paragraph 7 did not divest Oehlrich of any rights to a commission which accrued before a notice of termination, then he was not divested of, and did not lose, those rights if termination of the contract were brought about by other means, such as his death.

If a contract contemplates that an agent shall receive compensation for sales of which the agent was the procuring cause, the agent is entitled to a commission on sales procured by him although the sales were actually consummated by the principal after the termination of the agency. 3 C.J.S. *Agency* § 343 (1973).

In the instant case, Oehlrich's rights to a commission had accrued prior to his death, because, upon his obtaining the Triba and Allphin listings, such rights arose, became vested, and came into existence, even though the commission would not be payable until the property was sold and the commission collected.

Paragraph 11 of the employment contract provides as follows: "This Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, executors, personal representatives, estate, successors and assigns." From this paragraph, it is clear that the parties intended that the personal representative of any deceased party would have the benefit of the contract. The contract was a personal service contract, and the only conceivable benefit which could pass to the personal representative would be the right to receive funds due Oehlrich under the contract. Paragraph 11 clearly indicates that the intent of the parties was not to terminate payment of commissions to an agent by virtue of the death of the agent.

Summary judgment may be properly granted where there exists no genuine issue as to any material fact in

the case, and where under the facts the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1979).

When the provisions of a contract, together with the facts and circumstances that aid in ascertaining the intent of the parties thereto, are not in dispute, the proper construction of such contract is a question of law. *Bishop Cafeteria Co. v. Ford*, 177 Neb. 600, 129 N.W.2d 581 (1964).

There exists no genuine issue as to any material fact in the record of the instant case. The summary judgment which precipitated this appeal relates only to listing commissions relative to the Triba and Allphin property. There is no dispute that the employment contract existed, that Oehlrich performed a service under the contract when he obtained the two listings, that the two listings he obtained eventually were sold, and that a commission was paid to Gateway as a result of the sale of the two listings. Oehlrich did all that was required of him to entitle him to a commission as listing agent. His rights, upon his death, passed to his personal representative.

The assignments of error of appellant are without merit. The judgment of the trial court is affirmed.

AFFIRMED.