**Bernardino REYNA and Ernestina Reyna, Appellants,**

v.

**Xavier GONZALEZ, d/b/a Xavier Gonzalez Realtor & Associates, Appellee.**

**No. 1861.**

Court of Appeals of Texas, Corpus Christi.

Feb. 25, 1982.

Paul Dodson, Corpus Christi, for appellants.

Arnold X. Medina, Medina & Garza, Corpus Christi, for appellee.

Before BISSETT and YOUNG and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a take-nothing judgment in a suit to recover real estate commissions allegedly due. Ernestina Reyna and Bernardino Reyna, [hereinafter "the appellants"] filed suit in the 148th District Court of Nueces County against Xavier Gonzalez, doing business as Xavier Gonzalez Realtor & Associates, [hereinafter "the appellee"], seeking recovery on an employment contract. Following a trial on an agreed statement of facts, pursuant to Rule 263, T.R.C.P., a take-nothing judgment was rendered against the appellants.

The appellants were employed by the appellee as real estate salespersons for approximately two years, ending May 23, 1978. Their employment contract provided, in pertinent part, the following:

"... all listing agreements shall be made in the name of the broker and shall be the sole and exclusive property of the broker. Upon termination of this agreement, any listings still in effect on unsold property, shall remain the sole property of the broker. Salesman's right to commissions or divisions thereof, which accrued prior to the termination of this contract shall be divested by the termination hereof."

On the date the appellants' employment contract terminated, the appellee held five listing contracts which were acquired by him through the efforts of the appellants while under his employment. The properties which were the subject of these five listing contracts were not put under contracts of sale until *after* the termination of the appellants' employment. Following the sale of these properties, the appellants, although no longer employed by the appellee, demanded commissions from the appellee. The appellee refused to comply with the appellants' demand and this suit followed.

The appellants, in their sole point of error, contend that the trial court erred in rendering judgment against them because the above evidence established, as a matter of law, their right to recover commissions

for the properties sold after the termination of their employment. They argue that the above-quoted contract provision is unenforceable because it is ambiguous and, even if not ambiguous, its enforcement was waived by the appellee. We do not agree.

The contract of employment is not ambiguous, nor was its enforcement waived by the appellee. The appellants' rights to the commissions sued for, by the express terms of the contract, were divested out of them upon termination of the contract. The statement of facts reveals that on May 13, 1978, the date the contract of employment terminated, the appellants had obtained thirteen listing contracts. Eight of the listings had been put under contract of sale prior to May 13, 1978, but the sales were not consummated until after that date. The appellee paid the commissions on those eight listings to the appellants. The payment of those commissions is not before us in this appeal. We hold that the payments of commissions on listings which were under contract of sale did not waive any righ which the appellee had under the contract relating to the payment of commission on the five listings, which are the subject of this lawsuit.

Furthermore, the Real Estate License Act, Tex.Rev.Civ.Stat.Ann. art. 6573a, Section 1(d) (Vernon Supp.1982) provides that "[n]o real estate salesman shall accept compensation for real estate sales and transactions from any person other than the broker under whom he is *at the time* licensed." [emphasis added]. The appellants, at a time when they are not licensed under the appellee, are attempting to collect compensation from the appellee for real estate sales or transactions consummated after the termination of their employment relationship. Thus, the appellants are attempting to use the courts of this State to collect compensation from the appellee at times (after their contract of employment had terminated) where the Real Estate License Act forbids them from so doing. In *Henry S. Miller Co. v. Treo Enterprises*, 585 S.W.2d 674 (Tex.1979), the Court held:

"Texas courts have consistently required a strict compliance with the terms of the Act, where applicable, if a real estate broker or salesman is to use the court for the recovery of fees." *Id.* at 676.

We hold that under the Real Estate License Act, the appellants cannot accept compensation from the appellee for real estate sales or transactions consummated *after* the termination of their employment relationship. A contrary holding would permit the appellants to do what the Act forbids.

The judgment of the trial court is AFFIRMED.