IN the MATTER OF the LIQUIDATION OF ALL-STAR INSURANCE CORPORATION, a Wisconsin Corporation,

Roderick B. MCNAMEE, Special Deputy Commissioner of Insurance of the State of Wisconsin for the Liquidation of All-Star Insurance Corporation, Plaintiff-Respondent,

v.

APS INSURANCE AGENCY, INC., Defendant-Appellant.

Court of Appeals

*No. 81–1349. Submitted on briefs February 9, 1983.—Decided March 14, 1983.*
(Also reported in 332 N.W.2d 828.)

---

[8] Pursuant to § 809.19(7), Stats., the court granted permission to the State Bar of Wisconsin to file a brief.

For the defendant-appellant the cause was submitted on the briefs of *Maurice J. McSweeney* and *Michael A. Bowen* of *Foley & Lardner,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *James A. Urdan, Matthew J. Flynn* and *John A. Rothstein* of *Quarles & Brady,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Voss, JJ.

MOSER, P.J. APS Insurance Agency, Inc. (APS), appeals from a summary judgment in favor of Roderick B. McNamee, Special Deputy Commissioner of Insurance appointed for the purposes of All-Star Insurance Corporation's liquidation (All-Star). We certified this appeal to the supreme court pursuant to rule 809.61, Stats. On January 5, 1983, the supreme court[1] rendered an opinion affirming the trial court's denial of APS's motion to dismiss for lack of personal jurisdiction. The supreme court remanded the appeal to this court to dispose of the remaining issues. We reverse the trial court's granting of summary judgment as to the unearned commissions and affirm the trial court's granting of summary judgment as to the unpaid premiums.

---

[1] *In re Liquidation of All-Star Ins. Corp.,* 110 Wis. 2d 72, 327 N.W.2d 648 (1983).

All-Star and APS entered into an agency agreement wherein APS was to serve as an agent soliciting applications for insurance for All-Star. All-Star was ordered into liquidation on March 1, 1977, pursuant to chapter 645, Stats. All-Star commenced this action against APS to recover unpaid premiums and unearned commissions allegedly due it under the agency agreement.

All-Star moved for summary judgment which was granted by the trial court. APS appeals from the trial court's granting of summary judgment.

On this appeal APS raises the following issues:

(1) whether the trial court erred by granting All-Star summary judgment with respect to All-Star's recovering the amounts requested as unearned commissions; and
(2) whether the trial court erred by granting All-Star summary judgment with respect to All-Star's claim to amounts owed as unpaid premiums.

## RECOVERY OF UNEARNED COMMISSIONS

APS argues that the trial court erred when it held that the commencement of liquidation proceedings amounted to an "allowance" of return premiums within the meaning of paragraph 5b of the "Agency Agreement" between All-Star and APS. We agree.

Paragraph 5b of the "Agency Agreement" reads as follows: "The Agent [APS] shall refund to Company [All-Star] any commission theretofore paid or credited to the Agent on any return premium *allowed* by the Company at the rate allowed the Agent upon the premium." [Emphasis added.] APS contends that the trial court gave "allowed" a meaning which is inconsistent with both its ordinary meaning and general usage within the insurance industry and that the trial court's decision granting summary judgment should be reversed because it was based on this incorrect meaning. We agree.

In an insurance company liquidation, the liquidator (Special Deputy Commissioner of Insurance), for all practical purposes, takes the place of the insolvent company. The liquidation order terminates the company's existence.[2] The liquidator stands in the shoes of the company and takes only its interests.[3] The liquidator's authority does not extend beyond that of the property, contracts and rights of action of the company as of the date of the order directing liquidation.[4] We determine that these rules apply to a Wisconsin insurance company liquidation.

The construction of a written contract presents a question of law.[5] As to questions of law, this court need not give special deference to determinations of the trial court.[6]

Terms used in a contract are to be given their plain or ordinary meaning.[7] Technical terms used in a contract are to be interpreted as usually understood by persons in the profession or business to which they relate, unless the context of the contract or an applicable custom or usage clearly indicates that a different meaning was intended.[8]

This court may resort to the use of a recognized dictionary to ascertain the meaning of contract terms.[9]

---

[2] *Bohlinger v. Zanger*, 117 N.E.2d 338, 341 (N.Y. 1954).

[3] *Commonwealth ex rel. Kelly v. Commonwealth Mut. Ins. Co.*, 299 A.2d 604, 606 (Pa. 1973).

[4] 19A J. Appleman, *Insurance Law and Practice* § 10682, at 121 (1982).

[5] *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 763, 300 N.W.2d 63, 70 (1981).

[6] *Bruner v. Kops*, 105 Wis. 2d 614, 618, 314 N.W.2d 892, 894 (Ct. App. 1981).

[7] *North Gate Corp. v. National Food Stores*, 30 Wis. 2d 317, 321, 140 N.W.2d 744, 747 (1966).

[8] *Id.*

[9] *See, e.g., id.*

Black's Law Dictionary defines "return of premium" as follows: "[t]he *repayment* of the whole or a ratable part of the premium paid for a policy of insurance, upon the cancellation of the contract before the time fixed for its expiration."[10] [Emphasis added.] We determine that, in this context, the term "allowed" takes on a specific meaning. Webster's Third New International Dictionary contains the proper definition of "allowed" as used in this context: "to give or assign as a share or *suitable amount* (as of time or *money*) to a particular person or for a particular purpose."[11] [Emphasis added.]

If All-Star had remained solvent, it would not be entitled to the unearned commissions, pursuant to paragraph 5b of the "Agency Agreement," until it had made a determination that an insured's claim for a return premium should be allowed. The phrase "return premium allowed" means that the insurer has made this determination. Because the liquidator stands in the shoes of the insurance company and is bound by its contracts, we hold that the commencement of liquidation proceedings does not amount to an "allowance" under paragraph 5b. A determination must be made by the liquidator (Special Deputy Commissioner of Insurance) that an insured's claim for a return premium should be allowed.

When this court is called upon to review the granting of a summary judgment motion, we must apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court.[12] We are required by this standard to reverse a trial court if, on the record, there appears that there is a genuine issue as to material facts

[10] Black's Law Dictionary 1184 (5th ed. 1979).

[11] Webster's Third New International Dictionary 58 (1976).

[12] *Heck & Paetow Claim Serv. v. Heck*, 93 Wis. 2d 349, 356, 286 N.W.2d 831, 834 (1980).

and that the moving party is not entitled to a judgment as a matter of law.[13]

As we have stated above, the trial court erred, as a matter of law, when it granted summary judgment based on its interpretation of the phrase "return premium allowed." Accordingly, we must reverse the trial court's granting of summary judgment as to this issue.

We note that the parties have stipulated, for the purposes of the summary judgment motion, that no refund or return premium payments had been made by All-Star to any of its insureds. Because we hold that APS is not liable under the "Agency Agreement" for unearned commissions until All-Star actually "allows" the premiums to its insureds, the granting of judgment with respect to this issue was premature.

## UNPAID PREMIUMS

Lastly, APS argues that the trial court erred by granting All-Star summary judgment on its claim for unpaid premiums. We disagree.

The record reflects that APS owes All-Star $576 for unpaid premiums. APS maintains that this amount should be set off against amounts which All-Star owed APS.

Section 645.56, Stats., controls the allowance of setoffs in chapter 645 proceedings. This section provides in pertinent part:

645.56 Setoffs and counterclaims. (1) Setoffs allowed in general. Mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this chapter shall be set off and the balance only shall be allowed or paid, except as provided in sub. (2).

[13] See *Wright v. Hasley*, 86 Wis. 2d 572, 579, 273 N.W.2d 319, 323 (1979).

(2) Exceptions. No setoff or counterclaim may be allowed in favor of any person where:

. . . .
(d) The obligation of the person is to pay premiums, whether earned or unearned, to the insurer.

It is clear that APS is not entitled to setoffs when the obligation is an unpaid premium. However, APS maintains that, because it did not have proper notice of the chapter 645 proceeding, it should still be entitled to a setoff because it did not have an opportunity to pursue any claims it may have had against All-Star.

The record, pleadings and affidavits establish that All-Star complied with the notice requirements of sec. 645.47 (1), Stats. Section 645.47 (3) states: "Notice conclusive. If notice is given in accordance with this section, the distribution of the assets of the insurer under this chapter shall be conclusive with respect to all claimants, whether or not they received notice."

The trial court granted summary judgment because the record established that All-Star had complied with the notice requirements and notice under this section is conclusive. Because there was no genuine issue as to any material fact, we hold that the trial court was correct in granting All-Star summary judgment as a matter of law concerning this issue.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.