THOMAS D. HARROLD ET AL., APPELLEES, V. SPAGHETTI TREE, INC., ET AL., APPELLEES, GARTH ADAMS, APPELLANT.

362 N.W.2d 44

Filed February 1, 1985.   No. 83-859.

Dwight Griffiths, for appellant.

James H. Cain, for appellees Harrold et al.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant Garth Adams appeals from the order of the trial court sustaining the motion of the plaintiffs for a summary judgment in a proceeding for registration of a foreign judgment.

The petition alleged that the plaintiffs had recovered a judgment against the defendant and others in the common pleas court, Stark County, State of Ohio, on April 29, 1981. An authenticated transcript of the judgment was attached to the petition and incorporated in the petition by reference. The petition alleged that there had been no subsequent entries affecting the judgment other than as "contained herein." The transcript of the judgment disclosed no further entries.

The defendant Adams filed an answer on July 1, 1983, alleging that the Ohio judgment was null and void, but made no factual allegation as to why the judgment was invalid. The

answer also alleged that the judgment had been paid or partly paid.

On July 1, 1983, the defendant served interrogatories upon the plaintiffs. Answers to the interrogatories were served upon the defendant on July 25 and August 29, 1983. The answers admitted that $524.70 had been paid upon the judgment and that three real estate foreclosure actions and an action to attach a partnership interest were pending in Ohio.

The plaintiffs' motion for summary judgment was filed on September 30, 1983, and was heard on October 13. At this hearing the authenticated transcript of the judgment was received in evidence, together with certified copies of records of the court of appeals for Stark County, Ohio, Fifth Appellate District, and the Supreme Court of Ohio. These records showed that the judgment had been affirmed upon appeal and that a motion to certify the record to the Ohio Supreme Court had been overruled by that court on March 16, 1983.

The evidence in resistance to the motion consisted of the answers to the interrogatories and of affidavits of the defendant and his counsel. This evidence failed to show that there was a genuine issue as to a material fact which would prevent the plaintiffs from obtaining registration of the Ohio judgment in this state.

> Summary judgment may be properly granted where there exists no genuine issue as to any material fact in the case, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *First National Bank v. Rose, post* p. 611, 330 N.W.2d 894 (1983); *Mutual Benefit Life Ins. Co. v. Chisholm, ante* p. 301, 329 N.W.2d 103 (1983); *Stolte v. Blackstone, ante* p. 113, 328 N.W.2d 462 (1982); *Oehlrich v. Gateway Realty of Columbus, Inc.*, 209 Neb. 417, 308 N.W.2d 327 (1981); *Metro. Tech. Community College v. South Omaha Industrial Park*, 207 Neb. 472, 299 N.W.2d 535 (1980).

*Snyder v. Nelson*, 213 Neb. 605, 606, 331 N.W.2d 252, 253 (1983).

Since the trial court obtained jurisdiction over the person of the defendant Adams, the registered Ohio judgment became a

final personal judgment against Adams. Neb. Rev. Stat. § 25-1593 (Reissue 1979). In the event the plaintiffs attempt to enforce the judgment, the defendant will be entitled to credit for any amounts which the plaintiffs have obtained in satisfaction of the judgment in Ohio or any other state. Neb. Rev. Stat. § 25-15,101 (Reissue 1979).

The judgment of the district court is affirmed.

AFFIRMED.