Margaret S. STAUFFACHER, Plaintiff-Respondent,

v.

PORTSIDE PROPERTIES, INC., Defendant-Appellant.

Court of Appeals

*No. 88–1663. Submitted on briefs January 6, 1989.—Decided April 25, 1989.*

(Also reported in 441 N.W.2d 328.)

For defendant-appellant there were briefs submitted by *Randall J. Nesbitt* of *Pinkert, Smith, Weir, Jinkins & Nesbitt,* of Sturgeon Bay.

For plaintiff-respondent there was a brief submitted by *Chester C. Stauffacher,* of Sturgeon Bay.

Before Cane, P.J., LaRocque and Sundby, JJ.

CANE, P.J.   Portside Properties, Inc. (Portside), appeals a summary judgment finding it liable to Margaret S. Stauffacher for a $3,116.97 real estate listing commission earned from a sale of certain property. Portside argues that under the terms of the employment

agreement, Stauffacher is not entitled to the listing commission because Stauffacher terminated her employment with Portside before an offer to purchase was accepted and a sale occurred. Portside asserts that no listing commission accrued during Stauffacher's association with Portside. Because we conclude that the contract is ambiguous, we reverse and remand this matter to the trial court for further proceedings.

On October 3, 1986, Stauffacher executed an Independent Contractor Agreement with Portside. Stauffacher's duties as an independent contractor included the solicitation of property listings. Stauffacher was paid commissions for listings and sales in accordance with Portside's established commission schedule, which provided that the lister and seller each would receive 27-½% of the agency's commission. The agreement specifically provided:

> You will be compensated on a commission basis directly related to your sales and listing activity in accordance with the attached commission schedule. . . . Your share of commissions collected will be held in your name and paid to you in accordance with the commission schedule.

The contract could also be terminated at any time by either party upon written notice to the other party. Upon such termination the contract provided:

> Such termination will not divest you of any *rights in commissions accrued during your association* but such commissions are subject to reasonable charges and setoffs. (Emphasis supplied).

Apparently this termination clause is standard language used in Wisconsin and other states for agreements between real estate agents and their agency.

Stauffacher obtained a listing contract for property owned by the Zinngrabes. The listing contract ran from December 5, 1986, to December 5, 1987. Portside's commission for the sale of the property was listed at 7%, due and payable upon the property's sale. The property's listing agent and selling agent were each entitled to 27-½% of Portside's commission. Stauffacher's job with Portside ended on March 7, 1987. Subsequently, on August 23, 1987, a purchaser entered into a contract agreeing to purchase the property. On October 9, 1987, the property sold, and Portside received a real estate commission of $14,350.

Portside argues that because the property's sale occurred after Stauffacher's employment with Portside was terminated, Stauffacher's "commission" accrued after her termination, thereby not entitling her to the commission. On the other hand, Stauffacher argues that she is entitled to the listing agent's share of the commission even though the property's sale occurred after her employment with Portside terminated. She asserts that under the terms of the Independent Contractor Agreement, her "right" to a listing commission accrued when she obtained the listing contract during her association with Portside.

At a hearing on a motion for judgment upon the pleadings, the trial court agreed with Stauffacher's assertion. It reasoned that the use of the term "accrued" in the Independent Contractor Agreement was unambiguous and that Stauffacher's right to a listing commission accrued when she executed the listing contract with the seller. Portside appeals this decision.

The question of whether an ambiguity exists in an agreement is a question of law that we review independently of the trial court. *Spencer v. Spencer,* 140 Wis. 2d

447, 450, 410 N.W.2d 629, 630 (Ct. App. 1987). If the contract is susceptible to more than one reasonable interpretation, it is ambiguous. *Bartel v. Carey,* 127 Wis. 2d 310, 314, 379 N.W.2d 864, 866 (Ct. App. 1985). Terms used in contracts are to be given their plain or ordinary meaning. *McNamee v. APS Ins. Agency, Inc.,* 112 Wis. 2d 329, 333, 332 N.W.2d 828, 830 (Ct. App. 1983).

The term "accrued" is unambiguous. The plain meaning of "accrued" means to come into existence as an enforceable claim. *See* Webster's Third New International Dictionary 13 (Unabr. 1976). Accrued is also defined as due and payable or vested. Accrued has been defined almost universally to mean obtaining a vested right.

However, it is unclear from the agreement whether the term accrued refers to "rights" to a commission or "commission." If accrued refers to commission, i.e., accrued commission, then the listing commission does not accrue until a contract for sale is executed during the listing contract's term. Consequently, the commission accrues when a buyer is procured who is ready, willing, and able to purchase the property upon the terms specified in the listing contract. *See Mansfield v. Smith,* 88 Wis. 2d 575, 585–86, 277 N.W.2d 740, 745 (1979).

A Texas appeals court adopted this interpretation in *Reyna v. Gonzalez,* 630 S.W.2d 439 (Tex. 1982). The Reynas, after obtaining thirteen listing contracts, terminated their employment before five of the thirteen properties sold. The court held that the Reynas were not entitled to their listing commissions in part because the commissions had not accrued prior to their termination.[1] The employment contract provided:

---

[1] The court also held that the Real Estate License Act, Tex. Rev. Civ. Stat. Ann., art. 6573a (Vernon Supp. 1982), prevented

> Upon termination of this agreement, any listings still in effect on unsold property, shall remain the sole property of the broker. Salesman's *right to commissions or divisions thereof, which accrued prior to the termination of this contract shall be divested by the termination hereof.*

*Id.* at 440.

The court reasoned that the contract was not ambiguous and that the Reynas' rights to the commissions, as expressly provided by the employment contract, were divested by their termination of the contract. *Id.* at 441. Consequently, this interpretation holds that a listing commission does not accrue until a contract for sale is executed during the listing contract's term.

On the other hand, if accrued refers to Stauffacher's "right" to a commission, i.e., accrued right to a commission, then the accrual takes place when the listing contract is obtained, provided a sale occurs during the listing contract's terms. For example, in *Oehlrich v. Gateway Realty,* 308 N.W.2d 327 (Neb. 1981), a real estate agent obtained a listing contract but died before the property sold. The employment contract provided:

> This contract and the association created hereby, may be terminated by either party hereto at any time upon notice given to the other; but the *rights of the parties to any commission which accrued prior to such notice shall not be divested by such termination.* (Emphasis supplied).

*Id.* at 330.

The Nebraska court held that Oehlrich's rights to a commission accrued prior to his death because on

___

the real estate agent from accepting compensation from his employer for real estate sales or transactions consummated after the agent's termination. *Reyna,* 630 S.W.2d at 441.

obtaining the listing, "such rights arose, became vested, and came into existence, even though the commission would not be payable until the property was sold and the commission collected." *Id.* It stated:

> We are concerned here, however, not with a selling salesman but with a *listing* salesman. Oehlrich had done all that was required of him to earn a commission as a listing salesman when he obtained the two listings. He himself did not have to produce a ready, able, and willing purchaser. He just had to wait for the property to be sold and for Gateway [real estate agency] to receive its commission, which was done, in order to collect his commission.

*Id.*

The *Oehlrich* court held that the relevant contractual provision regarding termination clearly, obviously, and fairly did not divest Oehlrich of any rights to a commission that accrued before notice of termination, even though he died before the properties sold.

An Illinois appellate court held a similar contractual provision unambiguously entitled the real estate agent to his commission. In *McWhorter v. Realty World-Star, Inc.*, 525 N.E.2d 1205 (Ill. App. 1988), McWhorter obtained three listing contracts but terminated his employment before the properties sold. The Independent Contractors Agreement provided:

> Salesperson shall receive as compensation for his services commissions on any sales which he makes or on any listings which he obtains in accordance with the commission rates then in effect in the Star organization.
>
> .. . .
>
> The *rights* of the parties *to any commission or division thereof which accrued [sic] prior to the time of*

248

> *said notice [of termination] shall not be divested by the termination of this contract.* (Emphasis supplied).

*Id.* at 1206.

The *McWhorter* court held that the commission accrues on a listing contract when it is obtained. It reasoned:

> We find no ambiguity in the language of. . .the Independent Contractors Agreement. These paragraphs are not capable of being understood in more than one sense, nor are they obscure in meaning through indefiniteness of expression or by having a double meaning. They clearly provide that salesperson shall receive a commission on any listings he obtains, and that his right to commissions shall not be divested by termination of the employment contract.

*Id.* at 1207.

Thus, three different jurisdictions have held contract language, very similar to Stauffacher's contract language, unambiguous. Texas believes that accrued unambiguously refers only to a commission that accrues when a contract for sale is executed during the listing contract's term. The Nebraska and Illinois jurisdictions believe that accrued refers to a right to a commission that accrues when a listing contract is obtained. It is unclear from the language in Stauffacher's agreement whether accrued refers only to a commission or her right to a commission. Because of this conflict, we conclude that the contractual provision in question is ambiguous. Because this matter cannot be properly decided upon summary judgment, we reverse and remand for further proceedings.

Courts may examine extrinsic evidence if contracts are found to be ambiguous. *Spencer,* 140 Wis. 2d at 450, 410 N.W.2d 630. Thus, professional terms used in a contract may be interpreted by persons in the profession or by applicable custom and usage. *See McNamee,* 112 Wis. 2d at 333, 332 N.W.2d at 830. Here, Portside and Stauffacher never offered evidence on the agreement's intent or the profession's custom regarding termination and the agent's entitlement to a listing commission. Therefore, both parties must be permitted to present evidence on the meaning of the contract.

Additionally, Stauffacher asserts that she is entitled to a commission under alternate theories of equitable estoppel and the contract's unconscionability.[2] Because the facts surrounding these remaining issues are in dispute, we remand this matter to the trial court for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded for further proceedings. Costs denied to Portside.[3]

---

[2]Stauffacher and the trial court referred to this cause of action as a "contract of adhesion."

[3]Because Portside has cited an unpublished opinion, costs are denied. *See* secs. 809.23(3) and 809.83(2), Stats.